STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA 06-1005

STATE OF LOUISIANA

VERSUS

JUSTIN D. SAVOIE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 93,525
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and James T. Genovese, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

James Edward Beal
Louisiana Appellate Project
Post Office Box 307
Jonesboro, Louisiana 71251-0307
(318) 259-2391
COUNSEL FOR DEFENDANT/APPELLANT:
    Justin D. Savoie

Mr. Justin D. Savoie #486279
Lafayette Parish Correctional Center
Post Office Drawer 3508
Lafayette, Louisiana 70502-2537

Michael Harson
District Attorney
ADA J. N. Prather, Jr.
Post Office Box 3306
Lafayette, Louisiana 70502-3306
(337) 232-5170
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

On February 25, 2002, the State of Louisiana (State) filed a bill of information charging the Defendant, Justin D. Savoie, with simple battery, attempted carjacking, and two counts of threatening a public official. On August 24, 2005, the Defendant appeared in court and, pursuant to a plea agreement, entered a plea of no contest to attempted carjacking. The remaining counts were dismissed pursuant to the plea agreement.

In compliance with the plea agreement, the trial court sentenced the Defendant to one year at hard labor, concurrent with any other sentences the Defendant may be serving. The Defendant filed a motion for appeal, and appellate counsel has filed a motion to withdraw, along with an explanatory brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), and *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990). By letter dated September 12, 2006, this court notified the Defendant of counsel's request to withdraw and advised the Defendant that he had until October 5, 2006 to file a brief. This court has not received an appellate brief from Defendant.

## FACTS

At the Defendant's guilty plea hearing, the State recited the facts as follows:

> BY MR. PRATHER: All right, Judge. The State[,] should this matter have gone to trial before a jury[,] would have proved the following: that on or about the 30th day of June, 2001, that [Defendant] did wilfully and unlawfully [and] intentionally attempt to take a motor vehicle belonging to a defendant [sic] by the name of Chance Dugas in the presence of Chance Dugas by use of force or intimidation particularly in this case being the [sic] knife in violation of the provisions of [La.R.S.] 14:67.2 and being an attempt it would be under [La.R.S. 14:]27. And this occurred here in Lafayette Parish at the Jet 24 station. That's what the State would have proven.

**DISCUSSION**

*Anders* **Motion**

Appellate counsel has filed a brief stating that he could find no errors on appeal that would support reversal of the conviction or sentence. In *Benjamin*, the fourth circuit set forth the appropriate analysis for such a brief pursuant to *Anders*:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

*Benjamin* at 531.

Pursuant to *Benjamin*, we have reviewed the record, including the transcripts, pleadings, and minute entries. The Defendant and his counsel were present at all critical legal proceedings. The Defendant's guilty plea waived all pre-plea, non-jurisdictional defects and, as noted by counsel, the Defendant did not reserve the right to seek review of the trial court's denial of his motion to suppress and motion to quash. *See State v. Crosby*, 338 So.2d 584 (La.1976). Accordingly, these rulings cannot now be challenged by the Defendant. Further, the Defendant benefitted from the plea, as the State dismissed three other counts against him and recommended that he be sentenced to one year at hard labor to run concurrently with any other sentence he was serving. The trial court followed the sentencing recommendation.

Thus, we find no issues that would support an appeal. Therefore, counsel is

2

allowed to withdraw.

## DECREE

Defendant's conviction and sentence are affirmed, and counsel is allowed to withdraw.

**CONVICTION AND SENTENCE AFFIRMED.**

**MOTION TO WITHDRAW GRANTED.**

KA 06-1005

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

**STATE OF LOUISIANA**

**VERSUS**

**JUSTIN D. SAVOIE**

On Appeal from the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana, Honorable Jules D. Edwards, III, Judge.

**O R D E R**

After consideration of defense counsel's request to withdraw as counsel, and the appeal presently pending in the above-captioned matter,

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2006.

COURT OF APPEAL, THIRD CIRCUIT

_____
Sylvia R. Cooks, Judge

_____
Marc T. Amy, Judge

_____
James T. Genovese, Judge